**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **GEORGE WASHINGTON,** | * | |
| *Plaintiff*, | * | |
| v. | * | Case No. RWT 13-cv-3102 |
| **CUNA MUTUAL GROUP** | * | |
| *Defendant*. | * | |

**MEMORANDUM OPINION AND ORDER**

On October 18, 2013, Plaintiff George Washington filed a Complaint alleging that CUNA Mutual Group "denied making payment towards [his] unemployment insurance account to Navy Federal Credit Union Bank." ECF No. 1. Although the claims are difficult to interpret, the Plaintiff seems to allege "discrimination with prejudice" and "fraudulent extortion" and requests $250,000 in damages. *Id.* On November 12, 2013, the Defendant filed a Motion to Dismiss the Complaint. ECF No. 7. The Plaintiff filed an Opposition on November 18, 2013 and the Defendant filed a Reply on November 25, 2013. ECF Nos. 11, 14.

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is "to test the sufficiency of a complaint." *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). A court must consider all well-pleaded allegations in a complaint as true, *see Albright v. Oliver,* 510 U.S. 266, 268 (1994), and must construe factual allegations "in the light most favorable to the plaintiff," *see Lambeth v. Bd. of Comm'rs of Davidson Cnty.,* 407 F.3d 266, 268 (4th Cir. 2005).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Simmons & United Mortg. & Loan Invest.,* 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (internal quotation marks and emphasis omitted). "Thus, '[i]n reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville,* 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark,* 561 F.3d 261, 266 (4th Cir. 2009)).

The Defendant's motion to dismiss is well taken. The Plaintiff fails to articulate any cognizable basis for a claim of discrimination or fraud. A *pro se* plaintiff is held to a "'less stringent'" standard than a lawyer, and the Court must liberally construe a *pro se* plaintiff's complaint. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, even under this less stringent standard, the Defendant does not state a claim for relief that is plausible on its face. In addition, the $250,000 in damages requested are totally unsupported as the Plaintiff offers no information about how he calculated this number or even how he suffered harm. As such, the damages requested are "too speculative

and immeasurable to satisfy the amount in controversy requirement" of 28 U.S.C. § 1332. *Gonzalez v. Fairgale Properties Co., N.V.*, 241 F.Supp.2d 512, 518 (D. Md. 2002) (internal quotation marks omitted).

Accordingly, it is this 9th day of June, 2013, by the United States District Court for the District of Maryland,

**ORDERED**, that the Defendant's Motion to Dismiss (ECF No. 7) is **GRANTED**; and it is further

**ORDERED**, that the Clerk is directed to **CLOSE** this case.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE